James G. Jones et al *v.* Lucinda Williams et al.

Vendor and Purchaser—Non-performance of Contract—Not Available to Heirs.

While a parol vendor may avail himself of the statute of frauds to avoid a specific performance, the heirs of a husband of the vendee, cannot invoke same to the exclusion of the rights of said vendee.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

April 20, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

This appeal is prosecuted by the heirs and devisees of Daniel M. Jones, deceased, to reverse a judgment of the Louisville chancery court, sustaining the claim of the appellee Lucinda Wililams, late the wife of Jones, to a lot of ground on Bank street in the city of Louisville, purchased before said Jones' death of the Louisville & Portland Railway Company, and ordering a conveyance of the lot to her.

The appellees alleged in their petition that Mrs. Williams and her late husband Jones were married in 1854, and said Jones died in 1863. That in 1857 said Lucinda purchased and paid for with her own money, a house and lot on Green street in the city of Louisville, at the price of $2,505. They exhibited their vendor's deed for that property by which it was conveyed to said Lucinda for life, remainder to said Jones if he survived her, and if not "to be disposed of by his will." The plaintiffs further alleged that said Jones and wife, in 1863, sold and conveyed said property for $3,000, which they applied to the payment of the price of the lot on Bank street, and in improving it; and that although no deed was made to said Lucinda by said railroad company, the lot was by the terms of the purchase the property of said Lucinda and to be conveyed before his death.

It was admitted by the railroad company that the purchase of the lot was made and the price paid in the life time of Jones and that he had directed that the title be conveyed to his wife.

But her right to such conveyance was controverted by the heirs and devisees of said Jones, who denied that whether the property on Green street or that in controversy was purchased with means belonging to said Lucinda, or that any enforcible contract existed, by which the railroad company was bound or authorized to convey said lot to said Lucinda Williams or to any other person except themselves as the heirs of Daniel M. Jones.

It does not satisfactorily appear that the transaction between Jones and wife and the railroad was evidenced by any writing. But it seems to have been contemplated and understood, that the railroad company, who had purchased the lot at a decretal sale, and had not received a deed would either have the deed directly made to said Lucinda, or make a deed to her on receiving the title.

It appears also from the time D. M. Jones and wife purchased the Green street property he admitted an obligation to make provision for her in consideration of his having had the use of her land and slaves, and distributed the greater part of his own estate among his children. And although it does not distinctly appear how much of the price of the property was actually derived from her estate, and there is evidence conducing to prove that part of the price of the Green street property was acquired by Jones in his business as a livery stable keeper, and that a balance of a note given by him for the last payment of the price of the lot on Bank street remained unpaid at his death, and was paid by said Lucinda as his administratrix, yet he seems to have regarded the $3,000 received from the Green street property as his wife's money, and allowed her to control it in her own hands and those of another as her separate means, and he seems afterwards to have recognized her right to the Bank street property, as having been purchased by the use of her means and to have intended and expected that the title would be conveyed to her.

From our views of the facts already expressed, the conclusion results, that the appellee Lucinda Williams was entitled to the Bank street property according to the contract between her husband and the railroad company, and the court properly adjudged its conveyance to her, unless the non-reduction of the agreement to writing, was available to the heirs of Jones, as a ground for resisting the relief sought by the plaintiffs.

If the railroad company, the party whom the plaintiffs sought to charge with the verbal contract, had availed itself of the Statute of Frauds to avoid a specific execution of the contract it was no doubt in the power of the company to defeat the action for a conveyance, but that company having set up no such defense, but on the contrary offered to execute the contract, the objection was not an available one to the heirs of Jones who do not appear to have been equitably entitled to either the property or the money paid for it if the contract had not been enforced.

Wherefore, the judgment is *affirmed*.

*Farleigh, for appellant.*

*Mix, Dembitz, for appellee.*